UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-502-KKC

MICHAEL SHANE BRITTON                                                              PLAINTIFF

VS:                                **MEMORANDUM OPINION AND ORDER**

KNOX COUNTY JAIL and
JOHN PICKARD, SHERIFF                                                           DEFENDANTS

** ** ** ** **

The plaintiff, Michael Shane Britton ("Britton"), is an inmate confined in the Pulaski County Detention Center in Somerset, Kentucky. Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. §1983. [Record No. 1] He has also filed a motion to proceed *in forma pauperis* [Record Nos. 2, 5], which will be addressed by separate order. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

In his complaint, Britton alleges that on August 14, 2005, he was transported to the Knox County Annex ("KCA") for his August 15, 2005 court date, and was placed in the "drunk tank" to await trial. Britton alleges that the "drunk tank" was occupied by twenty other inmates; that he was not provided any mat to sleep on; and that the toilet did not function. Britton has named the KCA and Sheriff John Pickard as defendants herein, and seeks $250,000 in damages for violation of his rights under the Eighth Amendment

to the Constitution of the United States to be free from "cruel and unusual punishment."  [Record No. 1][1]

## DISCUSSION

To establish a right to relief under Section 1983, the plaintiff must plead and prove two essential elements:  (1) he has been deprived of rights secured by the Constitution or laws of the United States; and (2) the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

To the extent that Britton asserts claims against KCA, a building, the Court construes his claims to actually be claims against Knox County and/or the governing body of Knox County, the Knox County Fiscal Court.  Plaintiff has also named Sheriff John Pickard as a defendant herein, but has not identified whether he names Pickard in his individual or official capacity.  When a plaintiff does not allege the capacity in which he is suing a defendant, the court must construe the claim as one against the defendant in his or her official capacity.  *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989).  A claim against an individual in his official capacity is, in essence, a claim against the governmental entity that employs or exercises control over that individual's conduct.  If the plaintiff seeks only monetary relief, an individual "official capacity" defendant is not subject to suit because state officials are not subject to suit for monetary damages in their official capacity under 42 U.S.C. §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

Here, while Britton has alleged that the conditions of confinement which violated his constitutional rights occurred while he was confined in KCA, he has not described or alleged any affirmative acts of wrongdoing on the part of the Knox County Fiscal Court or other governing county authority.  In order for a local government, county authority, or county fiscal court to be held liable when a constitutional

---

[1] With respect to exhaustion of administrative remedies, Britton indicates that he wrote a letter to the Kentucky Department of Corrections on August 22, 2005, but has not received any response to his letter.  Britton further indicates that he complained of the conditions to Knox County Deputy Sheriff Tommy Levering, who told him to sue if he didn't like the conditions.  [Record Nos. 1, 6]  Because the Court is not able to determine at this juncture in the proceedings whether KCA has an administrative procedure to address grievances, the Court will assume that no such regime is available to Britton for purposes of its present analysis.

deprivation occurs, it must arise from a specific governmental policy or custom:

> The language of §1983...compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot he held liable under §1983 on a *respondeat superior* theory.

*Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Therefore, in order to be held liable for constitutional torts committed by their officers or employees, Kentucky county fiscal courts must be shown to have "condoned, encouraged or participated in ... alleged misconduct." *Gibson v. Stratton*, 930 F.2d 918, 921 (6th Cir. 1991) (unpublished opinion) (citing *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989)).  *See also Nunn v. Henderson Fiscal Court*, 69 F.3d 537 (6th Cir. 1995) (unpublished opinion) (affirming grant of summary judgment where the plaintiff failed to establish a custom or policy required to hold the defendants liable in their official capacities); *Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993); *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1985) (local governing body can be held liable only where the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers).

A plaintiff asserting a Section 1983 claim on the basis of a municipal custom or policy must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994); *Wooten v. Logan*, 2004 WL 68541, **2 (6th Cir. 2004) (local government cannot be made liable under principles of *respondeat superior*; for a municipality to be liable, the action must be the result of an official policy of the municipality).  Here, Britton has complained of the jail's conditions but has not alleged, let alone demonstrated, that those conditions were the direct result of a policy or custom implemented by KCA, Knox County and/or the Knox County Fiscal Court and which violates any provision of the Constitutions of the United States or the Commonwealth of Kentucky.  Accordingly, Britton has failed to state a constitutional claim against either the KCA and Knox County upon which relief can be granted.  His claims against these

defendants must be dismissed with prejudice.

CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)      Plaintiff Britton's complaint is **DISMISSED WITH PREJUDICE.**

(2)      The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir.

1997).

(3)      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order

in favor of the defendants.

Dated this 16th day of March, 2006.

**Signed By:**

**_Karen K. Caldwell_**   KKC

**United States District Judge**